## TRAYLOR v TRAYLOR

Ohio Appeals, 2nd Dist, Franklin Co

No. 2286.   Decided April 4, 1933

Hamilton & Kramer, and Arthur Wiles, for plaintiff in error.

Young & Kym, Columbus, for defendant in error.

KUNKLE, J.

The entire contention of both counsel for plaintiff in error and counsel for defendant in error is based upon this agreement.

We shall, therefore, limit our consideration of the case to the record which consists of the certified copies of journal entries and the admitted property settlement entered into between the parties.

It is admitted that plaintiff in error and defendant in error prior to the divorce jointly held the title to certain real estate on 20th Avenue in this city upon which there was a mortgage held by The Continental Mortgage Company.

The agreement, among other things, provides that,

"The said Edward G. Trailor does further agree that he will make and keep up the payments due on the mortgages on the premises No. 1308 20th Avenue, Columbus, Ohio, and that he will pay the taxes and street assessments that may be due and payable thereon."

His failure to comply with this provision of the agreement entered into between plaintiff in error and defendant in error constitutes the contempt upon which he was prosecuted and ordered committed to jail in the event of his failure to make such payments.

Under the above circumstances, was the trial court authorized to render such a judgment?

Counsel have filed with us rather extensive briefs in which many authorities are cited. We shall not attempt to review these authorities in detail, but will merely announce the conclusion at which we have arrived after examining the above and other pertinent authorities.

Divorce and alimony are statutory proceedings. The rights of the parties in such proceedings are fixed and determined by our statutes. It, therefore, becomes unimportant to discuss what the law may be in other jurisdictions.

It is also unimportant to discuss the rights of the wife in the event that a divorce is granted by reason of the aggression of the husband. That situation does not exist in this case.

We are limited to determining the rights of the wife where the divorce is granted to the husband by reason of her aggression.

Her rights in such cases are defined by §11993, GC. It would only be confusing to discuss authorities that relate to cases wherein the divorce is granted to the wife by reason of the aggression of the husband.

Sec 11993, GC, provides:

"When the divorce is granted by reason of the aggression of the wife, she shall be barred of all right of dower in the lands of which her husband is seized at the time of filing the petition for divorce, or which he thereafter acquires, whether there is issue or not. The judgment of divorce shall restore to her the whole of her lands, tenements or hereditaments not previously disposed of and not allowed to her husband as alimony, subject to the dower right of her husband therein. The court may adjudge to her such share of the husband's real or personal property, or both, as it deems just; or the husband shall be allowed such alimony out of the real and personal property of the wife as the court deems reasonable, having due regard to the property which came to the wife by marriage and the value of her real and personal estate at the time of divorce. Such alimony may be allowed to him in real or personal property or both, or by decreeing to him such

sum of money payable either in gross or by installments as the court deems equitable. * * *"

In cases where the divorce is granted the husband by reason of the aggression of the wife the court is merely authorized to adjudge to the wife such share of the husband's real or personal property or both as it deems just.

There is no question about the right of the court to commit for contempt for failure to pay alimony proper. In **Ohio Jurisprudence, Vol. 9, p. 99 of §53**, the text is as follows:

"Under the Ohio statutes alimony may be granted either the wife or the husband, made payable either in gross or installments. But it is not consistent with Ohio legislation on the subject of divorce and alimony judgments and orders, to enforce the payment of a judgment for money in gross by a contempt proceeding. Proceedings in aid of execution are the proper remedy, wherein full, complete investigation may be had, the defendant required to disgorge and expose all of his property that he may have theretofore concealed from execution; and his failure to comply with the order of the court to appear and thus submit to an examination may be summarily dealt with and punished as a contempt."

In **Ohio Jurisprudence, Vol. 14**, the last paragraph of §69, **on page 460** is as follows:
"But an allowance to a wife upon the granting of a divorce on the application of the husband, for the wife's aggression, under the provisions of §11993, GC, which is in fact an allowance to her of a share of the husband's property although it is erroneously designated as alimony in the order of allowance, is a fund belonging to the wife and liable to the claims of her creditors while in the hands of her husband."

In the case of **Kelso v Lovejoy et, 9 C.C. R. (N.S.) at page 539**, the first paragraph of the syllabus is as follows:
"1. Where a divorce is decreed for the aggression of the wife, and the court has, under §5700, GC, adjudged to her such share of her husband's estate as seemed reasonable the allowance stands upon an entirely different footing from one made in a case where the divorce is granted on the husband's aggression; and the character of the allowance in the former case is not changed by the fact that in the decree it is designated as alimony.

"2. Where an allowance to a wife, made under the provisions of §5700 GC has not been paid a creditor of the wife may garnishee the husband and subject the money due on this allowance to the payment of his claim in the same way such creditor could garnishee any other debtor of the wife."

This decision was affirmed by the Supreme Court without report. It will be observed from a reading of the entries in this case that these payments were not to be made to the wife. They were to be made to a named insurance company and to the authorities authorized to collect taxes and assessments.

In the case of **Hassaurek v Markbreit, Admr., 68 Oh St, page 579**, Judge Shauck in discussing that case uses the following language:

"Nor need we consider the nature of the obligations upon which decrees for alimony are founded since the finding of the court upon the evidence that the wife had been wilfully absent for more than three years, and its judgment that the marriage relation should be terminated for that reason, excluded her right to alimony. The court having concluded that a divorce should be decreed for her aggression, its further jurisdiction was defined by §5700 of the Revised Statutes as follows: 'And the court may adjudge to her such share of the husband's real or personal property, or both, as it deems just and reasonable'."

Under the facts disclosed by this record, we are of the opinion that the payments referred to do not constitute alimony, the nonpayment of which would form the basis of an action for contempt.

The defendant in error is not without a remedy but we are of opinion that she is not entitled to the remedy which she has pursued.

From our consideration of the section of the Code governing the rights of the wife, where the divorce was granted by reason of her aggression and from a consideration of the pertinent authorities, we are of opinion that the lower court was not authorized to render the judgment which it did, and the same will, therefore, be reversed and cause remanded for such further proceedings as may be provided by law.

HORNBECK, PJ, and BARNES, J, concur.