## CREEK v CREEK

Ohio Appeals, 2nd Dist, Montgomery Co

No 1396. Decided June 15, 1936

Jacobson & Durst, Dayton, for plaintiff in error.

Scharrer, Scharrer, McCarthy & Hanaghan, Dayton, for defendant in error.

## OPINION

### By HORNBECK, J.

Basil Creek instituted his action for divorce against Essie Creek in the Court of Common Pleas, Division of Domestic Relations, Montgomery County, Ohio. Essie Creek at the time of filing of petition and at the time of granting the decree in the cause was an insane person and defended the suit by a trustee duly appointed for her under the statute. Upon hearing the court granted a decree of divorce to Basil Creek, the plaintiff, on the aggression of the defendant, the grounds for the divorce being gross neglect of duty. The decree also recited:

"It is further ordered and adjudged that the plaintiff pay to the defendant, as her reasonable alimony, in money, the sum of .$5.00 per week, payable every two weeks, on the 5th and 20th of each month, first payment to start on the 20th day of April, 1934, payable at the office of the Humane Society, Montgomery County, Dayton, Ohio."

The plaintiff observed the order as to the payment of $5.00 per week alimony to the payment of $5.00 per week alimony to the defendant from April 20, 1934 to November 20, 1934 when he ceased to pay and thereafter refused to make payment. June 27, 1935 citation in contempt was filed against the plaintiff in the original action for failure to observe the payment of $5.00 per week to the defendant as provided in the judgment decree. The plaintiff put defendant upon proof as to his contemptuous action and also filed a motion moving the court to delete from its decree, dated April 19, 1934, any and all orders contained therein with reference to the payment of alimony or attorney fees for the reason that this court had no jurisdiction to make such orders. Upon hearing the contempt charge the court overruled the motion of plaintiff to delete from the decree and found the plaintiff to be in contempt of court as charged, ordered the plaintiff to pay the arrearage in the alimony due and to continue thereafter to pay the sum of $5.00 per week as provided. From this judgment of the trial court error is prosecuted and the petition in error sets up that the court erred in overruling the motion of plaintiff in error to delete from the decree of the court of date April 19, 1934 and in finding him guilty of contempt as charged.

The questions presented in this case are not new and have heretofore come to the attention of this court for determination. The facts as developed are moving upon this court and must have been compelling on the trial judge to support the order that the plaintiff pay to his former wife, who is an insane person, the modest sum of $5.00 per week. If the judgment in this cause is to be determined upon the exercise of equity jurisdiction of the Common Pleas Court, Division of Domestic Relations, we would not hesitate to support the order. But we do not conceive that this is to be so tested. Divorce and alimony, property division and other incidents of divorce, are in Ohio creatures of statute. **Marleau v Marleau, 95 Oh St, 162.** The limitations within which the court can award alimony are found within the statutory provisions and we have been of opinion that any order over and beyond these limits is without effect and void. However, we have been compelled to modify that conclusion by the holding of the Supreme Court in **Hefflebower v Hefflebower, 102 Oh St, 674.** There the divorce decree was granted to the husband for the aggression of the wife, but the court further ordered that the plaintiff, the husband, pay to the defendant the sum of $35.00 per month upon the first of each and every month, etc. This order was unreversed and unmodified for a period of eight years whereupon the plaintiff was cited for contempt for failure to further observe the order. The trial

court found the plaintiff in contempt, which judgment, upon review, was reversed by the Court of Appeals, upon the ground that the trial court had no jurisdiction to make the order of alimony in the original case. The Court of Appeals' opinion is found in 30 O.C.A. 545, and sets forth in five propositions of the syllabus its conclusion that the judgment complained of was an order to pay alimony based upon future personal earnings; that inasmuch as a decree was granted to the plaintiff for the aggression of the defendant, the court was without jurisdiction to require him to pay such alimony and that the decree could be attacked collaterally. The Supreme Court reversing the Court of Appeals apparently grounds its per curiam opinion upon the proposition that Hefflebower, who had been found guilty of contempt should be estopped to deny the validity and effectiveness of the decree requiring him to pay a stated sum to his former wife because of the lapse of time between the original order and the objection by Hefflebower to the decree as a defense to the contempt charge. It will be noted that the Court of Appeals . determined that the judgment requiring the payment of $35.00 per month by the plaintiff to the defendant was an alimony order covering future personal earnings. The order does not so designate the payment required to be made and some support may be found for the action of the Supreme Court upon the theory that inasmuch as every legal intendment must be observed to support the record it did not appear that the allowance was not a division of property. This contention was urged in the brief of plaintiff in error in the Supreme ourt. It must be said, however, that the opinion rests almost entirely upon the estoppel doctrine. It further recognizes the order for the payment of the $35.00 alimony as within the jurisdiction of the trial court and suggests that the complainant was remanded to his remedy of review.

Though we prefer the opinion of the Appellate Court in the Hefflebower case, we readily accept the judgment of the Supreme Court as binding upon us and applying the principle there announced, hold that the trial court was within its power in refusing to release the plaintiff upon his defense to the charge of contempt independent of his motion to delete the decree.

The very last expression of the Supreme Court in Hefflebower v Hefflebower, supra, is to the effect that the attack there made was a collateral attack on the judgment and that if he (Hefflebower) had any remedy whatsoever it was by motion to modify the former order, which is a further concession by the Supreme Court that the trial court acted within its jurisdiction. C. J. Marshall in a dissenting opinion in Thiesson v Moore refers with favor to the Hefflebower case and says that the majority is opposed to that judgment.

It is again briefly referred to in another opinion by the Chief Justice in Sanborn v Sanborn, 106 Oh St, 645 but has not been modified, reversed or distinguished in any syllabus of any case in the Supreme Court.

The motion here is not to modify but to delete. Its effect, if sustained, is equivalent to a determination that the trial court was without jurisdiction to grant the alimony to the defendant. This, in our judgment, is counter to the holding in the Hefflebower case. The motion was not urged as a motion to modify which is essentially different in purpose and effect from motion to delete and we would not say the trial court erred in not treating the motion to delete as a motion to modify.

If it were a matter of first impression in the light of all the authorities in Ohio prior to the Hefflebower case, we would say that the alimony decree should be deleted but the obligation of changing the law of the Hefflebower case is with the Supreme Court and not with us. We therefore sustain the judgment of the trial court.

BARNES, PJ, and BODEY, J, concur.