### ACKERSON v ACKERSON

Ohio Appeals, 2nd Dist, Franklin Co

No 2744. Decided June 3, 1937

Paul M Herbert, Columbus, for plaintiff-appellant.

John H. Matthews, Columbus, for defendant-appellee.

## OPINION

By BARNES, PJ.

The above-entitled cause is now being determined on plaintiff's appeal from the Court of Common Pleas, Domestic Relations, of Franklin County, Ohio, finding plaintiff guilty of contempt for failure to pay alimony as per the final order of the tr'al court in Case No. 9191 in such court.

The following summary of facts will render understandable the nature of the present controversy and the manner in which the claimed errors arise:

On January 19, 1934, the plaintiff, Dell W. Ackerson, commenced an action in the Common Pleas Court of Franklin County, Ohio, praying for a divorce against his wife, the defendant, Minnie R. Ackerson.

On January 23 thereafter, defendant filed an answer and cross-petition, in which the answer denied the complaint set out in the petition, and the cross-petition prayed for temporary and permanent alimony.

On February 9, 1934, upon hearing. the defendant was granted an allowance for temporary alimony in the sum of $80.00 per month. payable bi-monthly. The transcript of docket and journal entries presents a history of citation in contempt for failure to pay the temporary alimony, as per order; application for modification of former order and judgments and orders relative thereto.

On January 28, 1935, the plaintiff withdrew his petition for divorce, the cause then standing in the court on defendant's cross-petition for permanent alimony.

On February 15, 1935, the cause came on for hearing on the cross-petition. Thereafter it was the holding of the court that plaintiff was delinquent in his payments of temporary alimony in the sum of $230.00. The court ordered that the plaintiff pay defendant, as permanent alimony, $65.00 per month, payable bi-monthly, on the 2nd and 17th day of each month; also that the delinquent payment of $230.00 be paid $10.00 per month, payable bi-monthly, on the 2nd and 17th of each month, until such delinquency was fully paid.

On March 5, 1935, on application of the defendant, a capias was issued for the plaintiff by reason of his having failed to pay the delinquencies.

On September 1, 1936, the defendant, by proper proceedings, caused a citation to be issued against the plaintiff for a claimed failure to pay the permanent alimony charges, as per the former order of the court.

On October 28, 1936, the Court of Common Pleas, Domestic Relations, found that the plaintiff had failed to pay the installment payments and the arrearages, as

per the former order of the court, and ordered that plaintiff purge himself of contempt by the payment of $220.00, the amount of such arrearages as found due October 17, 1936, on or before the 6th day of November, and upon failure to pay said arrearages he be confined in the county jail until the same was paid and a warrant issued for such commitment.

This is the final order from which plaintiff filed his notice of appeal on November 4, 1936.

On November 6, 1936, on motion of plaintiff, the trial court ordered that final judgment on the order in contempt be stayed until the determination of this case by the Court of Appeals of Franklin County, upon plaintiff giving bond to the defendant in the sum of $1000.00, with sureties to the satisfaction and approval of the Clerk of Courts, same to contain the usual provision and that if judgment was not paid upon final affirmance, judgment may be entered against the sureties thereon upon the mandate of affirmance from the Appellate Court being filed in the trial court.

On the 27th day of July, 1935, articles of separation were entered into between Dell W. Ackerson and Minnie R. Ackerson, the same being in writing. This article of separation was very lengthy, comprising more than three pages of typewritten matter. Only certain portions thereof are pertinent to the present inquiry.

In the agreement it was stated that Dell W. Ackerson was in default in the amount of $550.00 through his noncompliance with the former order of the court. Provision was made for conveyance by Dell W. Ackerson to his wife, 'Minnie R. Ackerson, of all his interest in two residence properties in Columbus, both heavily mortgaged. Through these findings a credit of $300.00 was allowed to Dell W. Ackerson on his delinquency of $550.00 above referred to. The balance of $250.00 was to be paid as follows: $60.00 on the execution of the contract; $40.00 within thirty days, and the balance of $150.00 before final hearing in the divorce action which was thereafter to be filed by Mrs. Ackerson. It was further stipulated that the full amount of the $550.00 back alimony was to be paid before the hearing on the divorce action thereafter to be filed. There also was turned over to Minnie R. Ackerson all the household furniture. The bi-monthly payments, as provided in case No. 9191. of $65.00 per month, were reduced to $50.00 per month, payable bi-monthly on the 5th and 20th of each month thereafter, the same to continue until the further agreement of the parties or the modification of the present permanent decree in said action No. 9191, or until the said Minnie R. Ackerson remarries. The agreement relative to the installment payments also contained the following, which we quote in full:

"It is further stipulated and agreed that this contract, in no degree, is to modify or lessen the force and effect of the said decree in the case of Dell W. Ackerson, plaintiff, against Minnie R. Ackerson, defendant, in Case No. 9191 on the docket of the Court of Common Pleas, Franklin County, Ohio, Division of Domestic Relations, as entered therein on February 15, 1935, but, instead, this agreement is for a present arrangement and is to remain in full force so long as the said Dell W. Ackerson complies with the provision of this agreement, and in the event said Dell W. Ackerson fails and refuses to comply with the provisions of this contract, then the said Minnie R. Ackerson is authorized, without any qualifications, to exercise all her rights under said decree in said action No. 9191 as entered February 15, 1935."

On August 2, 1935, Minnie R. Ackerson filed her petition in the Court of Common Pleas of Franklin County, Ohio, being cause No. 12238, against Dell W. Ackerson, praying for divorce from defendant and "all other decrees as are just and proper." Summons was issued and returned, showing personal service on August 3, 1935. The defendant, Dell W. Ackerson, in this case, No. 12238, filed no answer or other pleading. In this case, No. 12238, the plaintiff, Minnie R. Ackerson, was granted a divorce on October 21, 1935. The decree contained the further pertinent provision:

"It further appears to the court that the parties hereto entered into a written agreement of separation on July 27, 1935, a copy of which separation agreement, marked Exhibits A, B, C and D, is hereto attached. It is further ordered and adjudged by the court that the marriage contract heretofore existing between the said Minnie R. Ackerson and Dell W. Ackerson be, and the same hereby is, dissolved, and both parties are released from the obligations of same, and that the written contract entered into between said parties on July 27, 1935, as aforesaid, be, and the same hereby is, affirmed."

The agreement marked A, B, C and D is attached to the entry.

The exhibits as marked A, B, C and D, referred to each of the separate pages of the four page agreement.

Appellant's assignment of errors is set forth in full, as follows:

"(1) Appellant contends that the decree of divorce entered in cause 12238, supplants the permanent alimony order issued in a cause for alimony alone in case 9191.

"(2) The separation agreement prepared by the appellee, or her counsel, and executed by the parties, is on its face collusive and contrary to public policy, and should be considered as a nullity."

The assignment of errors presented by counsel for appellant so fully and completely presents the issues that nothing further need be added.

Counsel for appellant, in addition to the divorce and alimony sections of the Code, refer to and cite the following cases:

Durham v Durham, 104 Oh St 7;
Gilbert v Gilbert, 83 Oh St 265;
Weidman v Weidman, 57 Oh St 101;
Petersine v Thomas, 28 Oh St 596;
Julier v Julier, 62 Oh St 90;
Holloway v Holloway, 130 Oh St 214;
Traylor v Traylor, 46 Oh Ap 87, (14 Abs 536).

Also reference is made to Volume 14 Ohio Jurisprudence, §116, at page 513; 3 L.R.A. §135.

Counsel for appellee, after commenting on the decisions cited by counsel for appellant, refers to and cites the following cases:

Sponseler v Sponseler, 110 Oh St 395;
Mendelson v Mendelson, 123 Oh St 11;
Creek v Creek, 22 Abs 142;
Heffleblower v Heffleblower, 102 Oh St 674;
Sanborn v Sanborn, 106 Oh St 645.

Also reference is made to Volume 14 Ohio Jurisprudence, §§60 and 107; §156, note 18, and §158.

We do not deem it helpful or advantageous to make specific reference to each and all of the cases cited. Suffice it to say that we have read and carefully examined each and all of the cases, and, in addition, without avail, have made some independent research. The exact question here presented, so far as we are able to find, has not been previously determined. With the exception of one or two of the cases cited, we get no help by analogy.

The law is well settled that provisions for support payments through articles of separation, standing alone, may not be the basis for contempt proceedings.

A trial court in an alimony or divorce action, may incorporate articles of separation into the final decree and thereafter contempt proceedings may lie on failure to perform. Contempt proceedings are not predicated on the divorce action, No. 12238, and so it is unnecessary to determine whether or not under the language of that decree, the separation agreement was incorporated therein and made part thereof. This on the theory that there is claimed noncompliance with the court order in case 9191.

Where, on proper proceedings, alimony is granted to a wife in this state and subsequently she submits herself to the jurisdiction of another state where her husband has instituted an action for divorce, and in such foreign state asks for and has been allowed permanent alimony, she cannot thereafter prosecute contempt proceedings or recover alimony installments accruing under the Ohio case, subsequent to the final decree in the foreign state.

The trial court, in Case No. 12238, made no order for the payment of alimony, unless, perchance, it could be correctly determined that the articles of separation were incorporated in and made part of the decree. It can not be successfully claimed that the trial court intended to abrogate and set aside the articles of separation or the order previously made in case No. 9191. In fact, the contrary affirmatively appears. However, the question still remains as to whether or not the legal effect of the court's action was to abrogate the alimony order made in Case No. 9191.

A petition for divorce, the prayer of which asks all other decrees as are just and proper. is broad enough upon which to allow alimony.

In a divorce action, where a divorce is granted and no alimony prayed for or allowed, a wife may not subsequently bring a separate action for alimony.

Where an order has been made for alimony, payable in installments, it may be modified, changed or terminated by the future action of the court having before it the parties and all the facts and circumstances then existing.

In the instant case the order of contempt was not based on the articles of separation, but upon the order of the court made in Case No. 9191.

We think the case of **Mendelson v Mendelson, 123 Oh St 11,** by analogy applies to the instant case. The second syllabus reads as follows:

"2. A decree of divorce, which is silent on the subject, does not of its own force terminate a separation agreement previously entered into by the parties pursuant to the provisions of §8000, GC."

In the reported case it appears that the plaintiff, Esther Mendelson, and defendant, Harry Mendelson, were formerly husband and wife and lived in Pittsburgh, Pennsylvania. There, on January 6, 1922, they entered into articles of separation. Under the terms of the agreement the husband was to pay certain weekly installments for the maintenance of the wife and their son. The parties thereafter lived separate and apart. Thereafter, on application of the wife, a divorce was granted to her in a Pennsylvania court. The decree of divorce contained the following:

"Thereupon all and every of the duties, rights and claims accruing to either the said Esther Mendelson or the said Harry Mendelson at any time heretofore in pursuance of said marriage, shall and do cease and terminate."

The husband and possibly the wife, afterwards moved to Ohio, and in Monroe County she instituted an action against the former husband to recover overdue installments accruing under the articles of separation. From the dates of the articles of separation and that of the decree of divorce it necessarily follows that the greater portion, if not all, of the default installments were subsequent to the granting of the divorce. The jury returned a verdict in favor of the wife in the sum of $1200.00. The Court of Appeals reversed the judgment of the trial court and the case was thereafter certified to the Supreme Court. The Court of Appeals in its entry found that the judgment was contrary to law and the evidence. The Supreme Court affirmed on the ground that it would not consider the weight of the evidence. However, the syllabus and the opinion lay down the principle that the decree of divorce, in the absence of specific determination, did not vitiate the articles of separation.

Apparently the argument was made in the cited case, as in the instant case, that the decree of the court granting the divorce terminated all rights of the wife. The Supreme Court held otherwise.

While this was a Pennsylvania case, yet we find the statement in the opinion of Judge Mathias that the Pennsylvania law was not presented and therefore the presumption arises that the law of that state would be the same as the law of Ohio.

If the decree and entry of divorce would not abrogate the provisions of the prior articles of separation providing for installment payments for support and sustenance, we see no reason why the same principle is not applicable in the instant case that the decree for divorce in Case No. 12238 does not set aside the order for permanent alimony in Case No. 9191 particularly where it directly appears that the trial court had no intention so to do. It must be conceded that the trial court had the power to have so ordered, but this it did not do.

It is our conclusion that the decree of divorce in Case No. 12238 ▆▆▆▆ ▆ does not supplant the permanent alimony order issued in Case No. 9191.

In the second assignment of error, counsel for appellant urges that the separation agreement executed by the parties is on its face collusive and contrary to public policy and should be considered as a nullity.

We fail to see how this ground of error can be the basis of any relief for appellant. If it should be considered that the divorce action in Case No. 12238 is a nullity, this would be a complete answer to all the contentions made by appellant under his first assignment of error. If the proceedings under the divorce action were wiped out. nothing remains but Case No. 9191, wherein the order for permanent alimony was made.

The statement is made that the plaintiff, Dell W. Ackerson, has since married and has a child by such second marriage. He, of all persons, should be interested in the upholding of the divorce decree which would permit him to legally enter into a second contract of marriage.

If appellant is merely questioning the articles of separation and not the divorce proceeding. we arrive at no different conclusion. Appellant will not be permitted to avail himself of the favorable provisions of his articles of separation and reject those that are not to his liking. This

question might properly have been presented to the trial court, or it might, on an examination of the articles of separation which it had before it, have considered the question of collusion and, if properly shown, have declined to enter the decree.

Even if as claimed by appellant, the articles of separation so far ▮▮▮▮▮ as they refer to procuring a divorce were collusive, he is barred from raising the question at this time.

Appellant's appeal will be dismissed and the cause remanded to the trial court for further proceedings according to law.

HORNBECK and GEIGER, JJ, concur.